UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 08-34-DCR |
| V. | ) ) | |
| MICHAEL HUFFMAN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Huffman is currently serving a term of imprisonment of 115 months for his role in robbing a pharmacy to obtain prescription drugs. The matter is pending for consideration of Defendant Huffman's motion for a sentence reduction under 18 U.S.C. § 3582(c). [Record No. 79] Because a reduction of the defendant's sentence would be wholly inappropriate, the relief sought will be denied.[1]

---

[1] Huffman has also requested appointment of counsel in connection with his motion. However, appointment of counsel is not necessary. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

## I.  Relevant Facts

On March 18, 2008, Michael Huffman and Mary Cobb robbed a Rite-Aid Pharmacy in London, Kentucky.  During the robbery, Huffman inferred that, unless two female employees gave Cobb the drugs the two demanded, he would "blow their pretty little heads off."  While Huffman actually was not armed, the threat worked.  But the overall scheme did not go as planned.  Cobb filled garbage bags with pills containing oxycodone and hydrocodone and the two sped away from the pharmacy in a white Ford Escort.  However, store employees were able to provide a description of the vehicle and its license number to police.  Law enforcement soon determined that the get-away vehicle was registered to Huffman's grandmother.  Shortly thereafter, police observed a vehicle matching the description given by store employees.  During the ensuing traffic stop, officers observed some of the stole drugs in plain view in the rear seat of the vehicle.  Huffman and Cobb, the vehicle's only occupants, were transported to the London Police Department and subsequently charged with the robbery.

During questioning following the arrest, Cobb initially admitted to participating in the robbery of the pharmacy.  However, after speaking with Huffman, Cobb indicated that she wished to change her statement and requested an attorney.  Huffman also admitted to participating in the robbery, but indicated that he had forced Cobb to participate.  According to Cobb, the couple was homeless and planned to sell the stolen prescription drugs to obtain money to secure a place to live.  Conversely, Huffman stated that he planned to ingest the drugs that the two had stolen.

On May 22, 2008, a federal grand jury returned a three-count indictment against Huffman and Cobb. In Count One, both defendants were charged with forcibly taking a quantity of pills containing hydrocodone, a Schedule III substance having a value exceeding $500 belonging to and in the care of a person registered with the Drug Enforcement Administration ("DEA"), in violation of 18 U.S.C. § 2118(a). Count Two charged the defendants with possessing with the intent to distribute the stolen pills containing oxycodone while Count Three charged the defendants with possessing the stolen hydrocodone pills with the intent to distribute them, all in violation of 18 U.S.C. § 841(a)(1).[2]

Neither defendant proceeded to trial. Instead, on July 28, 2008, both defendants entered guilty pleas to all counts of the federal indictment. And while Cobb's plea was pursuant to a written plea agreement, Huffman entered an "open" plea without the benefit of a written agreement with the government. [*See* Record Nos. 42, 44, 45.] Following his guilty plea, a sentencing hearing for Huffman was scheduled for November 3, 2008.

The Presentence Investigation Report ("PSR") prepared in advance of Huffman's sentencing hearing calculated the Base Offense Level for Count One (*i.e.*, robbery of controlled substances in violation of 18 U.S.C. § 2118(a)) to be 20, according to United States Sentencing Guideline § 2B3.1 (2008). After adjustments for the threats made by Huffman during the robbery and because controlled substances were taken, the Adjusted Offense Level for this count was determined to be 23. [*See* PSR, ¶¶ 18-25.] However, Counts Two and Three were grouped together for purposes of calculating the relevant Base Offense Level for those counts. *See* U.S.S.G. § 3D1.2(d). Based on the quantity of drug

---

[2] The state charges of first degree robbery were dismissed in lieu of federal prosecution.

stolen having a marijuana equivalency of slightly more than 270 kilograms, the Base and Adjusted Offense Levels for these two counts was determined to be 26. *See* U.S.S.G. § 2D1.1(c)(7) (2008). All three counts were then grouped according to U.S.S.G. § 3D1.2(c). After reducing the Adjusted Offense Level by three levels for acceptance of responsibility, Huffman's Total Offense Level was 23.

While Huffman's convictions for Counts One and Two did not require imposition of a mandatory minimum term of imprisonment, his conviction for Count Three required a mandatory term of five years. However, because Huffman's criminal history was substantial (fourteen points, placing him in Criminal History Category VI), his non-binding guideline range was significantly greater than the minimum term required by 18 U.S.C. § 841(b)(1)(C). Under the United States Sentencing Guidelines in effect at the time of Huffman's sentencing hearing, the range for imprisonment was determined to be 92 to 115 months. [*See* PSR, ¶¶ 56, 72, 73.]

In advance of the sentencing hearing, counsel for Defendant Huffman filed a sentencing memorandum in which he urged the Court to consider a departure from the defendant's guideline range based on U.S.S.G. § 5K2.0 (2008). While acknowledging the seriousness of the offense, counsel asked the Court to consider a lesser guideline range based on a number of factors, including the defendant's: age, disadvantaged childhood, lengthy period of drug addiction, history of sexual assault by a neighbor, diagnosed mental health issues, and parental responsibilities. Additionally, counsel asserted that a sentence below the non-binding guideline range would be appropriate when the factors of 18 U.S.C. § 3553(a) were considered. [Record No. 47] Although the Court rejected the defendant's arguments

-4-

for a sentence below the guideline range, it recommended that Huffman receive mental health and substance abuse treatment during incarceration and during the three-year period of supervised release. [Record No. 56] In rejecting the defendant's arguments for a lesser term of incarceration, the Court found that under all relevant factors of 18 U.S.C. § 3553(a), a term of 115 months was sufficient but not greater than necessary to meet all goals of sentencing.

## II.     Huffman's Request for a Sentence Reduction

On June 5, 2015, Defendant Huffman moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines. [Record No. 79] Under the subject revisions, the Base Offense Level used to calculate the guideline range for Counts Two and Three would be reduced by two levels (from 26 to 24). Therefore, after a three-level reduction for acceptance of responsibility is applied, Huffman's Total Offense Level would be reduced to 21 and his non-binding guideline range would be lowered to 77 to 96 months of imprisonment.

While the top of the defendant's guideline range under this new calculation would result in a corresponding sentence of 96 months, Huffman argues that a sentence at the low-end of this range (*i.e.*, 77 months) "would fulfill the purpose of 18 U.S.C. § 3583(a) and achieve the purpose of the reduction." [Record No. 79, p. 1] In other words, Huffman seeks a reduction of 38 months from his original term of incarceration.

Huffman is currently scheduled to be released no earlier than March 15, 2017. (*See* Federal Bureau of Prison's Inmate Locator at www.bop.gov/inmateloc, last visited June 8,

2015.) However, even if the Court determined that a sentence reduction were warranted, Huffman would not be eligible for release prior to November 1, 2015.

In arriving at the sentence imposed in this case, the Court carefully considered all relevant factors of Title 18 of the United States Code, Section 3553, including, *inter alia*, the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, Huffman's need for rehabilitation, and the need for adequate general and specific deterrence to future criminal conduct. Ultimately, the Court found that a term of incarceration of 115 months would meet all statutory goals and objectives of sentencing. The sentence fell at the top of the Guidelines sentencing range applicable to Huffman at that time.

In considering whether a reduction is now warranted, the Court again considers the factors under § 3553(a) which includes "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). The relevant factors in Huffman's case demonstrate that a reduction would be inappropriate. The defendant was a participant in a very serious offense. And this was not Huffman's first involvement with the criminal justice system. As set out in his PSR, Huffman was convicted at age 18 for several alcohol-related offenses, resisting arrest and terroristic threatening. When arrested for one of the alcohol offenses in July 1999, the defendant threated to burn the officer's house, car and everything that the officer owned. [*See* PSR, ¶¶ 40, 4, 42.] By age 21, Huffman's additional convictions included theft by deception, possession of marijuana, second degree possession of controlled substances and drug paraphernalia, reckless driving,

failure to appear, contempt of court, driving under the influence of alcohol, disorderly conduct, additional charges of terroristic threatening[3], and carrying a concealed deadly weapon. [*See* PSR, ¶¶ 43-49.] The Court notes that Huffman's reckless driving conviction involved traveling 104 miles per hour in a 65 mile per hour speed zone. Finally, at age 22, Huffman's additional convictions included fleeing and evading police, driving on a suspended license, additional charges of public alcohol intoxication, fourth degree assault *involving the physical assault his grandmother*[4], second degree robbery, and theft by unlawful taking which also involved the threatened use of physical force. [PSR, ¶¶ 50-52]

Against this backdrop, Huffman argues that a sentence reduction is appropriate, in part, because he "is not a dangerous offender as mirrored in his Presentence Report." And he further contends that "[t]here was absolutely no evidence during any of [his] criminal proceedings that even suggest that he employed violence or used weapons in relation to any of the alleged crimes." In light of the nature of crimes that Huffman has committed and his actions during those crimes, his present assertions speak volumes when the Court considers the likelihood of recivitism and Huffman's corresponding danger to the public. Simply put, to commit a crime, admit it, and takes steps to avoid future criminal conduct may support a request for a sentence reduction under 18 U.S.C. § 3582. However, to mischaracterize

---

[3] On April 12, 2003, a Laurel County Constable responded to a call involving a drunk driver (Huffman) stopped on a roadway attempting to fight another individual (Brummett). Huffman failed field sobriety tests and was arrested. During the arrest, he became violent and cursed the arresting officer and an assisting deputy sheriff. Huffman also threatened to do bodily harm to Brummett when release from jail. [PSR, ¶ 46]

[4] On this occasion, Huffman choked, his grandmother, pushed her to the floor, grabbed and twisted her arm, and threatened to cut off her finger to get her ring. Additionally, Huffman threatened to "get a gun and kill her." [PSR, ¶ 51]

criminal conduct and then make misleading statements to the Court is an aggravating factor that should not be ignored.

But even if the Court were to overlook Huffman's misleading assertions, a reduction of his sentence would not be appropriate. Huffman has a history of substance abuse since an early age. In his own words, in addition to alcohol abuse beginning at age 14, Huffman "has probably experimented with every (drug) out there." [PSR, ¶ 67] Thus, the likelihood that he will commit other drug-related offenses when released is quite high. This not only endangers the defendant but others unlucky enough to come into contact with him. And as outlined by the nature of Huffman's criminal conduct, even his own elderly relatives are not immune from the defendant's abusive and illegal activities. In short, the negative factors outlined in the defendant's PSR far outweigh any realistic consideration of a reduction of the sentence previously imposed.

In summary, the Court has again considered the nature and circumstances of the original offense as well as the defendant's history characteristics. These are negative factors which do not support a sentence reduction. Likewise, the Court finds that the original sentence imposed is needed to reflect the seriousness of the offense, promote respect for the law and provide a just punishment. In fact, reducing the defendant's sentence would unduly diminish the seriousness of the offense. Additionally, a reduced sentence would not provide adequate deterrence to Huffman or general deterrence to others inclined to commit a similar offense. Therefore, based on the foregoing analysis, and after again considering all factors of 18 U.S.C. § 3553(a), the Court concludes that while the defendant is *eligible* for the

reduction based on the amendment to the guidelines, a sentence reduction would not be warranted under the circumstances presented. Accordingly, it is hereby

**ORDERED** that Defendant Michael Huffman's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 79] is **DENIED**.

This 9th day of June, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge

reduction based on the amendment to the guidelines, a sentence reduction would not be warranted under the circumstances presented. Accordingly, it is hereby

**ORDERED** that Defendant Michael Huffman's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 79] is **DENIED**.

This 9th day of June, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge