UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br> )<br>Plaintiff,  )<br> )<br>V.  )<br> )<br>MICHAEL HUFFMAN,  )<br> )<br>Defendant.  )  | Criminal Action No. 6: 08-034-DCR<br><br>**MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Huffman pleaded guilty to robbery of a controlled substance in violation of 18 U.S.C. § 2118(a) and possession with intent to distribute oxycodone and hydrocodone in violation of 21 U.S.C. § 841(a)(1). [Record No. 56] He was sentenced to 115 months imprisonment and a 3-year term of supervised release. [*Id.*] It was reported that the defendant violated the terms of his supervised release in June 2018. [Record Nos. 97, 99]

Attorney Lucas Joyner was appointed to represent Huffman on his alleged supervised release violations. [Record No. 131-1] The Court found that the defendant violated the terms of his supervised release and he was sentenced to twenty-four months imprisonment and a ten-year term of supervised release on June 28, 2018. [Record Nos. 103, 105] A judgment was entered on June 29, 2018. [*Id.*]

The defendant spoke to attorney Joyner about possibly appealing after the hearing on June 28, 2018, but said that he felt rushed during the conversation. [Record No. 131-2] Huffman spoke to Joyner again on July 2, 2018, and learned that the chances of a successful appeal were not good. [*Id.*] Huffman believed that Joyner would provide him more

information about his option to appeal, but Joyner explained that Huffman clearly stated that he did not wish to appeal the judgment. [Record Nos. 131-1; 131-2]

A few days after the meeting, Huffman called Joyner's office but could not get in touch with anyone. [Record No. 131-2] Huffman also asked his wife to try and reach Joyner to instruct him to file a Notice of Appeal. [*Id.*] Joyner explained that he was out of the office from July 5-8, 2018, and from July 17-23, 2018. [Record No. 131-1] Joiner also noted that his office had issues with its phone system and internet service throughout the month of July. [*Id.*]

Joyner was contacted by Huffman's wife on July 16, 2018, about filing an appeal for the defendant. Joyner, however, explained that the time to appeal had expired. After Joyner returned from vacation on July 23, 2018, Huffman got in touch with him and told him that he had been trying to contact him for a few weeks about filing a Notice of Appeal. [Record No. 131-1] Joyner explained that he was on vacation, his phone system was down, and told him to file a Notice of Appeal on his own. [*Id.*]

Huffman filed an untimely Notice of Appeal on August 2, 2018, which was docketed on August 6, 2018. [Record No. 106] He asserted that he told his attorney he wanted to file an appeal, but later learned that the filing was not made. [*Id.*] The government moved to dismiss the appeal as untimely. The United States Court of Appeals for the Sixth Circuit remanded this matter for the limited purpose of determining whether excusable neglect is present. [Record No. 124] The defendant provided sworn affidavits from himself and Joyner, to support a finding of excusable neglect. [Records Nos. 131-1; 131-2] The United States failed to respond.

A Notice of Appeal in a criminal case must be filed by a defendant in the district court within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The Court may extend the time to file a Notice of Appeal upon a finding of excusable neglect or good cause for a period not to exceed 30 days from the expiration of the time otherwise set forth in the rule. Fed. R. App. P. 4(b)(4).

Excusable neglect includes faultless omissions and omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). To determine whether excusable neglect exists the Court "weighs all relevant circumstances including the danger of prejudice to the other party, the length of the delay and its effect on the judicial proceeding, the reason for the delay and whether it was within the moving party's control, and whether the moving party acted in good faith." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (internal quotations omitted). However, the factors do not carry equal weight, the reason for the delay is the most important. *See United States v. Munoz*, 605, F.3d 359, 372 (6th Cir. 2010). A client is usually responsible for his counsel's failures, but this rule is "applied less stringently in the criminal context." *See Pioneer*, 507 U.S. at 396-97; *Munoz*, 605 F.3d at 369.

A timely Notice of Appeal should have been filed on or before July 13, 2018, but Huffman did not send his Notice of Appeal until August 2, 2018. There is only a seventeen-day delay, which is well within the thirty-day window to extend the deadline to file a Notice of Appeal. Further, there does not appear to be bad faith. Huffman explained that he repeatedly tried to contact his attorney to file a Notice of Appeal and filed a *pro se* Notice of Appeal after the deadline as his attorney instructed. Additionally, it does not appear that the

government would be prejudiced by the delay as demonstrated by the government's failure to file a response to the defendant's brief.

Finally, the reason for the delay supports a finding of excusable neglect. A defendant not being able to get in touch with his attorney to tell him to file a Notice of Appeal can constitute excusable neglect. For example, the United States Court of Appeals for the Seventh Circuit concluded that it was not an abuse of discretion for the district court to find excusable neglect when the defendant explained that his attorney's absence and inaccessibility during the appeal period prevented him from telling his attorney to file an appeal. *United States v. McKenzie*, 99 F.3d 813, 815-16 (7th Cir. 1996). Additionally, the United States Court of Appeals for the Ninth Circuit concluded that when a defendant and his attorney attempted to contact each other regarding whether to file a notice of appeal, but had trouble locating each other since the defendant moved prisons multiple times, there was no abuse of discretion in finding excusable neglect. *United States v. Smith*, 60 F.3d 595, 596 (9th Cir. 1995); *see also United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986).

Here, the defendant explained that he kept trying to get in touch with his attorney to file a Notice of Appeal, but could not reach him. [Record No. 131-2] Huffman asked his wife to contact his attorney while he was incarcerated. [*Id*.] His lawyer explained that he had been on vacation and there had been an issue with his office telephone and internet. [Record No. 131-1, p. 1] Joyner noted that he heard from Huffman's wife after the time to file a Notice of Appeal had run. Joyner finally got in touch with Huffman after he returned from vacation and instructed Huffman on how to file a Notice of Appeal.

Because the defendant repeatedly attempted to get in touch with his attorney to file a Notice of Appeal before the time expired, the Court finds that excusable neglect exists.

Further, there is no evidence of bad faith, there is minimal prejudice to the government, and the length of the delay is not significant. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's request for an extension of time to file a Notice of Appeal is **GRANTED**. The defendant may pursue his Notice of Appeal, docketed on August 6, 2018. [Record No. 106]

2. The Clerk of the Court is directed to send a copy of this Order to the United States Court of Appeals for the Sixth Circuit.

Dated: August 1, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge